UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RODNEY G. SMITH, EXECUTIVE DIRECTOR of the TEAMSTERS UNION 25 HEALTH SERVICES & INSURANCE PLAN,<br>　　　　Plaintiff,<br><br>v.<br><br>DHL AIRBORNE EXPRESS,<br>　　　　Defendant. | Civil Action No. 04-12561- GAO |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, DHL Express (USA), Inc., incorrectly named as DHL Airborne Express ("DHL"), submits its Answer and Affirmative Defenses to Plaintiff's Complaint.

## ANSWER

All allegations of the Complaint not expressly admitted herein are denied.

### Introductory Statement

1.　　As to the allegations in paragraph 1, DHL admits that this is an action for the collection of delinquent contributions, but denies that Plaintiff is entitled to any relief or damages.

### Jurisdiction and Venue

2.　　As to the allegations in paragraph 2, DHL admits that this purports to be a civil action under the Employee Retirement Income Securities Act ("ERISA"), but denies that Plaintiff is entitled to any relief or damages. The remaining allegations call for a legal conclusion to which no response is required.

3.  Paragraph 3 calls for a legal conclusion to which no response is required.

### Parties

4.  DHL admits that a plan ("Plan") exists but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 4. To the extent the first sentence of the paragraph calls for legal conclusions, no answer is required. The second sentence in paragraph 4 calls for legal conclusions and no answer is required. In response to the 3rd sentence in paragraph 4, DHL states that the Plan speaks for itself and denies any allegations which exceed or mischaracterize the contents of the Plan. DHL is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 4.

5.  DHL denies the allegations in paragraph 5 as stated. Further answering, DHL states that "DHL Airborne Express" is no longer a legal entity, and that the name of the applicable operating entity is "DHL Express (USA), Inc.," with a principle place of business at 1200 South Pine Island Road, Plantation, Florida 33324.

### Allegations of Fact

6.  DHL admits the allegations in paragraph 6.

7.  DHL admits the allegations in paragraph 7.

8.  DHL admits that a Collective Bargaining Agreement ("Agreement") exists between the parties. Further answering, DHL states that the Agreement speaks for itself, and denies any allegations which exceed or mischaracterize the contents of the Agreement.

9. DHL states that the Agreement speaks for itself, and denies any allegations which exceed or mischaracterize the contents of the Agreement.

10. DHL states that the Agreement speaks for itself, and denies any allegations which exceed or mischaracterize the contents of the Agreement.

11. DHL admits that Michael Connors ("Connors") is a current employee but DHL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. DHL denies the allegations in paragraph 12.

13. DHL denies the allegations in paragraph 13.

## Count I

14. As to the allegations in paragraph 14, DHL readopts and realleges its responses to the allegations in paragraphs 1 through 13 as if fully set forth herein.

15. DHL denies the allegations in paragraph 15.

## Count II

16. As to the allegations in paragraph 16, DHL readopts and realleges its responses to the allegations in paragraphs 1 through 15 as if fully set forth herein.

17. DHL denies the allegations in paragraph 17.

18. DHL denies the allegations in paragraph 18.

## Prayers for Relief

19. In response to the unnumbered ad damnum clause following paragraph 18, DHL denies that Plaintiff is entitled to any of the relief requested or any other relief.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action.

2. DHL asserts that Plaintiff has failed to exhaust his administrative remedies under ERISA.

3. DHL reserves the right to amend and supplement its affirmative defenses as discovery progresses.

DHL Express (USA), Inc.,
By its attorneys

/s/ Sheryl D. Eisenberg_____
C. Max Perlman (BBO # 630395)
Sheryl D. Eisenberg (BBO # 641304)
Sullivan Weinstein and McQuay, PC
Two Park Plaza
Boston, Massachusetts 02116
(617) 348-4326
E-mail: seisenberg@swmlawyers.com

CERTIFICATE OF SERVICE

I, Sheryl D Eisenberg, hereby certify that a true copy of the foregoing document was served upon the attorney for the plaintiff on May 20, 2005 by e-mail and regular mail.

  /s/ Sheryl D. Eisenberg_____
Sheryl D. Eisenberg